# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MILLER'S FURNITURE OF
MERCER COMPANY, a Pennsylvania
Corporation, individually and as the
representative of a class of similarly-
situated persons

        Plaintiff,

v.                                  Case No:  2:17-cv-456-FtM-99CM

BANNER LIFE INSURANCE
COMPANY, WILLIAM PENN
LIFE INSURANCE COMPANY OF
NEW YORK, DJM ADVISORY
GROUP LLC, DONALD QUIRKE
and JOHN DOE,

        Defendants.

_____

## ORDER

This matter comes before the Court on Banner Life Insurance Company and

William Penn Life Insurance Company of New York's ("Insurer Defendants") Motion

to Stay, or in the Alternative, Motion for Extension of Time to Respond to the

Complaint (Doc. 50), and Defendants DJM Advisory Group LLC and Donald Quirke's

("DJM Defendants," together with Insurer Defendants, "Defendants") Motion for

Stay, or in the Alternative, Motion for Extension of Time to Respond to the Complaint

(Doc. 51), both filed on August 22, 2017.   Plaintiff opposes the requested relief.   Doc.

54.   For the reasons discussed below, Defendants' Motions for Stay (Docs. 50, 51) are

due to be granted.   Defendants also have requested to file reply briefs, which the

Court will deny as moot given its ruling herein.   Docs. 55, 56.

Plaintiff initiated this suit on April 28, 2017, alleging that Defendants sent unsolicited fax advertisements in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. Doc. 1 ¶¶ 1-2. Plaintiff proposes to represent a class of similarly situated persons, and has sought class certification. Doc. 2.

Defendants filed two separate motions seeking a stay of this action, citing another Middle District of Florida case involving the same facsimile transmission at issue here in which the Honorable John E. Steele, Senior United States District Judge, granted preliminary approval of a class settlement. Doc. 50 at 1, Doc. 51 at 1; *see also JWD Automotive, Inc. v. DJM Advisory Group, LLC, et al.*, case no. 2:15-cv-793-JES-MRM (M.D. Fla. filed Dec. 21, 2015) ("*JWD*"). A final approval hearing is schedule before Judge Steele on December 4, 2017. *JWD*, Docs. 77, 78. Defendants represent that if the settlement in *JWD* receives final approval, it would resolve Plaintiff's claims in this case. Doc. 50 at 1-2. Plaintiff responds that the actions are dissimilar, and a stay would unduly prejudice Plaintiff. *See* Doc. 54.

A district court has broad discretion to stay proceedings to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). A stay is proper where its scope is properly limited and not "immoderate." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). "In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify

the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." *Brent v. Source Interlink Distribution, LLC*, No. 2:14-cv-52-FtM-38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).

Here, the Court finds a temporary stay is appropriate pending the outcome of the hearing in *JWD*. The Court has considered Plaintiff's argument that it will be unduly prejudiced by a stay, and finds it unavailing. Plaintiff states that it seeks discovery in this case to determine whether an objection is appropriate in *JWD*. Doc. 54 at 7. Plaintiff admits, however, that it will be unable to receive discovery and draft and file an objection prior to the deadline for objections in *JWD*.[1] Doc. 54 at 7, n.3; *see also JWD*, Doc. 77. As such, Plaintiff's argument that it will be prejudiced by a stay fails.

Moreover, the factors — simplification of issues at trial, and reducing the burden of litigation on the parties and the court — militate in favor of a stay. *See Brent*, 2014 WL 4162770 at *2. Based on a review of the pleadings, it appears that Plaintiff's claims may in fact be resolved, or at least narrowed, by the *JWD* settlement. *Compare* Doc. 1 *with JWD*, Doc. 77. The fax at issue in *JWD* is identical to the fax at issue here. *Compare* Doc. 1-2 *with JWD*, Doc. 1-1. Plaintiff received the fax at issue in this case on or about April 3, 2015, which falls within the time period included in the preliminarily approved class in *JWD*. Doc. 1 at ¶ 20. Both Plaintiff here and the plaintiff in *JWD* allege damages under the TCPA.

---

[1] In fact, the deadline for objections in *JWD* expired on September 29, 2017. *See JWD*, Doc. 77.

*Compare* Doc. 1 *with JWD*, Doc. 1. Moreover, Banner Life Insurance Company, William Penn Life Insurance Company of New York, and DJM Advisory Group, LLC all are defendants in both cases. *Compare* Doc. 1 *with JWD*, Doc. 1. To the extent there are claims alleged here not present in *JWD*, all such claims relate to the same nexus of facts underlying Plaintiff's claim for violation of the TCPA. *See* Doc. 1 at 18-21. Moreover, the additional named Defendant here, Mr. Quirke, is "substantially involved with and interested in the outcome" of *JWD*. Doc. 51 at 2, n.1. In sum, a stay until such time as a final determination is made on the proposed settlement in *JWD*, or until Plaintiff opts-out of the *JWD* settlement, will simplify the issues at trial and reduce the burden of litigation on the parties and the court, while avoiding inconsistent outcomes. For these reasons, the Court will grant Defendants' request for a temporary stay pending the outcome of the hearing in *JWD*.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Insurer Defendants' Motion to Stay, or in the Alternative, Motion for Extension of Time to Respond to the Complaint (Doc. 50), and Defendants DJM Advisory Group LLC and Donald Quirke's Motion for Stay, or in the Alternative, Motion for Extension of Time to Respond to the Complaint (Doc. 51) are **GRANTED**. The matter is **STAYED**, and the Clerk is directed to add a stay flag to the case.

2. The stay shall remain in effect until **December 29, 2017**, or until Plaintiff opts-out of the settlement in *JWD Automotive, Inc. v. DJM Advisory Group, LLC, et al.*, case no. 2:15-cv-793-JES-MRM (M.D. Fla. filed Dec. 21, 2015). If Plaintiff opts-

out of the settlement in *JWD*, Plaintiff is directed to file a notice with the Court, requesting that the stay be lifted. A case management and scheduling order shall be issued once the stay is lifted.

3. Insurer Defendants' Motion for Leave to File Reply Brief in Support of the Motion [to] Stay or, in the Alternative, Motion for Extension of Time to Respond to the Complaint (Doc. 55) and Defendants DJM Advisory Group, LLC and Donald Quirke's Motion for Leave to File Reply Brief (Doc. 66) are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record